UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CASE NO.: 8:25-cv-00811

DON SULLIVAN,

        Plaintiff,

v.

JW TECH SERVICES LLC,

        Defendant.

## COMPLAINT FOR COPYRIGHT INFRINGEMENT

### (INJUNCTIVE RELIEF DEMANDED)

Plaintiff DON SULLIVAN by and through its undersigned counsel, brings this Complaint against Defendant JW TECH SERVICES LLC for damages and injunctive relief, and in support thereof states as follows:

### SUMMARY OF THE ACTION

1. Plaintiff DON SULLIVAN ("Sullivan") brings this action for violations of exclusive rights under the Copyright Act, 17 U.S.C. § 106, to copy and distribute Sullivan's original copyrighted Work of authorship.

2. Defendant JW TECH SERVICES LLC ("JWTS") is a manufacturing company. At all times relevant herein, JWTS owned and operated the internet website located at the URL https://jwtechservices.com/ (the "Website").

3. Sullivan alleges that JWTS copied Sullivan's copyrighted Work from the internet in order to advertise, market and promote its business activities. JWTS

committed the violations alleged in connection with Defendant's business for purposes of advertising and promoting sales to the public in the course and scope of the JWTS' business.

## JURISDICTION AND VENUE

4. This is an action arising under the Copyright Act, 17 U.S.C. § 501.

5. This Court has subject matter jurisdiction over these claims pursuant to 28 U.S.C. §§ 1331, 1338(a).

6. JWTS is subject to personal jurisdiction in Florida.

7. Venue is proper in this district under 28 U.S.C. § 1391(b) and (c) and 1400(a) because the events giving rise to the claims occurred in this district, JWTS engaged in infringement in this district, JWTS resides in this district, and JWTS is subject to personal jurisdiction in this district.

## DEFENDANT

8. JW Tech Services LLC is a Florida Limited Liability Company, with its principal place of business at 4508 W. Beachway Drive, Tampa, Florida, 33609, and can be served by serving its Registered Agent, Eric B. Laing, at the same address.

## THE COPYRIGHTED WORK AT ISSUE

9. In 2013, Sullivan created the photograph entitled "Sunshine Skyway Bridge," which is shown below and referred to herein as the "Work".



10. Sullivan registered the Work with the Register of Copyrights on February 26, 2020, and was assigned registration number VA 2-196-151. The Certificate of Registration is attached hereto as **Exhibit 1**.

11. At all relevant times Sullivan was the owner of the copyrighted Work at issue in this case.

## INFRINGEMENT BY JWTS

12. JWTS has never been licensed to use the Work at issue in this action for any purpose.

13. On a date after the Work at issue in this action was created, but prior to the filing of this action, JWTS copied the Work.

14. On or about April 20, 2024, Sullivan discovered the unauthorized use of its Work on the Website. JWTS used the Work as the cover photo on the Website "Our Services" page.

15. JWTS copied Sullivan's copyrighted Work without Sullivan's permission.

16. After JWTS copied the Work, it made further copies and distributed the Work on the internet to promote the sale of goods and services as part of its regular business activities.

17. JWTS copied and distributed Sullivan's copyrighted Work in connection with Defendant's business for purposes of advertising and promoting Defendant's business, and in the course and scope of advertising and selling products and services.

18. JWTS committed copyright infringement of the Work as evidenced by the documents attached hereto as **Exhibit 2**.

19. Sullivan never gave JWTS permission or authority to copy, distribute or display the Work at issue in this case.

20. Sullivan notified JWTS of the allegations set forth herein on June 27, 2024 and July 24, 2024.  To date, the parties have failed to resolve this matter.

## COUNT I
## COPYRIGHT INFRINGEMENT

21. Sullivan incorporates the allegations of paragraphs 1 through 20 of this Complaint as if fully set forth herein.

22. Sullivan owns a valid copyright in the Work at issue in this case.

23. Sullivan registered the Work at issue in this case with the Register of Copyrights pursuant to 17 U.S.C. § 411(a).

24. JWTS copied, displayed, and distributed the Work at issue in this case and made derivatives of the Work without Sullivan's authorization in violation of 17 U.S.C. § 501.

25. JWTS performed the acts alleged in the course and scope of its business activities.

26. Defendant's acts were willful.

27. Sullivan has been damaged.

28. The harm caused to Sullivan has been irreparable.

## COUNT II
## REMOVAL OF COPYRIGHT MANAGEMENT INFORMATION

29. Sullivan incorporates that the allegations of paragraphs 1 through 20 of this Complaint as if fully set forth herein.

30. The work at issue in this case contains copyright management information ("CMI").

31. Defendants knowingly and with the intent to enable or facilitate copyright infringement, removed CMI from the Work at issue in this action in violation of 17 U.S.C. § 1202(b).

32. Defendants committed these acts knowing or having reasonable grounds to know that they will induce, enable, facilitate or conceal infringement of

Sullivan's rights in the Work at issue in this action protected under the Copyright Act.

33. Defendants caused, directed and authorized others commit these acts knowing or having reasonable grounds to know that they will induce, enable, facilitate or conceal infringement of Sullivan's rights in the Work at issue in this action protected under the Copyright Act.

34. Sullivan has been damaged.

35. The harm caused to Sullivan has been irreparable.

WHEREFORE, the Plaintiff DON SULLIVAN prays for judgment against the Defendant JW TECH SERVICES LLC that:

    a. JWTS and its officers, agents, servants, employees, affiliated entities, and all of those in active concert with them, be preliminarily and permanently enjoined from committing the acts alleged herein in violation of 17 U.S.C. § 501;

    b. JWTS be required to pay Sullivan its actual damages and Defendant's profits attributable to the infringement, or, at Sullivan's election, statutory damages, as provided in 17 U.S.C. § 504;

    c. Sullivan be awarded its attorneys' fees and costs of suit under the applicable statutes sued upon;

    d. Sullivan be awarded pre- and post-judgment interest; and

    e. Sullivan be awarded such other and further relief as the Court deems just and proper.

## JURY DEMAND

Sullivan hereby demands a trial by jury of all issues so triable.

Dated: April 2, 2025  Respectfully submitted,

**SRIPLAW, P. A.**

*/s/  Sanje V. Lara*
SANJE V. LARA
Florida Bar Number: 1031680
sanje.lara@sriplaw.com
9100 S. Dadeland Boulevard
Suite 1500
Miami, FL 33156
786.743.0018 – Telephone
561.404.4353 – Facsimile

And

JOEL B. ROTHMAN
Florida Bar Number: 98220
Joel.rothman@sriplaw.com
21301 Powerline Rd
Suite 100
Boca Raton, FL 33433
561.404.4335 – Telephone
561.404.4353 – Facsimile

*Counsel for Plaintiff Don Sullivan*